## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**HYTTO PTE. LTD.**, *et ano*,
    Plaintiffs,

v.                                                         2:25-cv-576-KCD-NPM

**EDDY JD OLIVARES, II**,
    Defendant.

---

### ORDER

This is a misappropriation-of-trade-secrets and business-disparagement action against a former marketing director. Among other things, Plaintiffs Hytto Pte. Ltd. and Danxiao Information Technology Ltd. seek a preliminary injunction that would enjoin defendant Eddy JD Olivares from using or disseminating sensitive information and require him to return it. (Doc. 23). On an emergency basis, the Plaintiffs seek an order compelling Olivares to produce:

> All Documents belonging to or originating from Lovense,[1] including any documents relating to Lovense's confidential information (as defined in the verified complaint), trade secrets (as defined in the verified complaint), or intellectual property (as alleged in the verified complaint). Your response should include any and all copies, summaries, or distallations of documents responsive to this request for production. (Doc. 58-1 at 8).

---

[1] Lovense is defined to mean: "the brand and business operated by Plaintiffs, including all related intellectual property, products, trade secrets, confidential information, and business operations." (Doc. 58-1 at 6).

An emergency presents a concrete risk of immediate and irreparable harm. In the civil litigation context, examples might include the imminent removal of someone's child from the country, imminent action that would permanently destroy the usefulness of a parcel of land, the imminent destruction of a one-of-a-kind family heirloom, or denying someone access to the ballot on election day. So, when a motion is labelled as such, the clerk and the court immediately pause their work on other cases and redirect their attention to the purported emergency—even after hours. Hence, mislabeling a motion as an emergency is sanctionable. *See* Local Rule 3.01(e). A run-of-the-mill discovery motion never presents an emergency.

Neither Plaintiffs' characterizations of the documents as containing trade secrets and competitively sensitive information, nor the upcoming preliminary-injunction hearing, does anything to change the calculus. Olivares terminated the employment relationship in August 2017. (Doc. 9, ¶¶ 19, 22). Presumably, he had no access to Plaintiffs' trade-secret or sensitive information since then. And while Plaintiffs asked, in November 2017, for a return of the documents, it appears they have done little to nothing in the eight years since to compel their return or destruction. (Doc. 9-2). This suggests the documents do not have independent economic value and that Plaintiffs have not made reasonable efforts to preserve any confidentiality. In sum, the so-called "emergency" is nothing of the sort.[2]

---

[2] For the unwarranted designation of the motion as an emergency, Tara Humma—as the filing attorney—exposed herself to sanctions, including the revocation of her special admission to appear in this matter. Worse yet, the motion evinces a complete failure to comply with the Civil Action

Plaintiffs also grossly misstate the scope of discovery. They cite authorities construing Rule 26(b) as it existed nearly 50 years ago, but the rule has changed many times and in several substantive ways.[3] Cases construing and applying Rule 26 as it existed before 2015, or employing reasoning based on other cases that did so (such as a Supreme Court decision from 1978), are of little, if any, precedential value.

Finally, the plain language of the document request at issue is problematic. It requests documents belonging to or originating from Lovense. But Lovense is merely a brand and not an entity, so it would be difficult to evaluate compliance. Nevertheless, our civil discovery handbook calls for giving discovery requests a reasonable construction.[4] And doing so here, we construe the request as seeking documents that originated from or belonged to either Plaintiff and relate to the Lovense brand of products. Construed as such, the request is reasonable and

---

Order docketed in this case. (Doc. 11 at 8).

[3] As the Advisory Committee on Civil Rules noted in **1983**: "Rule 26(b)(1) has been amended to add a sentence to deal with the problem of over-discovery.... The new sentence is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse." In **1993**: "The revisions in Rule 26(b)(2) are intended to provide the court with broader discretion to impose additional restrictions on the scope and extent of discovery...." In **2000**: "The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." And in **2015**: "Rule 26(b)(1) is changed in several ways …. The former provision for discovery of relevant but inadmissible information that appears 'reasonably calculated to lead to the discovery of admissible evidence' is also deleted. The phrase has been used by some, incorrectly, to define the scope of discovery."

[4] Middle District of Florida Civil Discovery Handbook (2021) at Section III.A.3.

proportionate given the current state of the pleadings, and it is readily understood and not unduly burdensome. Moreover, any objection on the basis that an opposing party possesses the same information is inappropriate, especially in a case like this one about the alleged misappropriation of trade secrets and competitively sensitive information.

In the interests of securing the just, speedy, and inexpensive resolution of this action generally, and Plaintiffs' requests for preliminary injunctive relief specifically, the motion (Doc. 58) is **GRANTED in part**. The parties must immediately confer—in person or by videoconference—about the volume, categories (R&D, marketing, finance, etc.), and format (paper or ESI) of the documents in Oliveras's possession, custody, or control that originated from, or belonged to, either Plaintiff and relate to the Lovense brand of products. By **October 27, 2025**, Oliveras must make available for inspection and copying or otherwise produce such documents to the extent they relate to research and development, product design, or non-public information about patents. And by **November 17, 2025**, Oliveras must do the same for any other documents in his possession, custody, or control that originated from, or belonged to, either Plaintiff and relate to the Lovense brand of products.

**ORDERED** on October 6, 2025

_____
NICHOLAS P. MIZELL
United States Magistrate Judge