UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HYTTO PTE. LTD., DANXIAO
INFORMATION TECHNOLOGY
LTD.,

        Plaintiffs,

   v.

                                  Case No. 2:25-cv-576-KCD-NPM

EDDY JD OLIVARESII,

        Defendant.

                             /

## **ORDER**

Before the Court is Defendant Eddy JD Olivaresii's motion to dismiss. (Doc. 101.)[1] Plaintiffs Hytto Pte. Ltd. and Danxiao Information Technology Ltd. have responded in opposition (Doc. 102), making this matter ripe. For the reasons below, Olivaresii's motion is **DENIED**.

## I. Background

Olivaresii used to work for Danxiao.[2] For those unfamiliar with the corporate structure, Danxiao is the Chinese parent company behind "Lovense," a brand in the business of designing and selling sex toys. As best the Court can tell, when Lovense does business here in the United States, it operates through

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

[2] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).

its subsidiary, Hytto. (Doc. 92 ¶¶ 2-4.) Because reciting that corporate family tree gets tedious, the Court will refer to the plaintiff companies collectively as Lovense.

After Olivaresii resigned his post with Lovense, he made several posts on Reddit, Twitter, and LinkedIn about his experience and opinions regarding the brand. (*Id.* at 7-23.) His remarks were mostly negative and—according to Lovense—untrue.

But he did not stop at bad reviews. He went further by reaching out to Lovense's business partners—a list he obtained during his employment— requesting "at least an initial response for now" to "something very interesting [he has] coming up in the future." (*Id.* at 23-25.) He then sent threats to Lovense's employees, claiming they will be in "trouble" if they "cooperate with Lovense," and asking them to disclose confidential information about the company. (*Id.* at 26.) And when asked to return the documents he obtained during his employment with Lovense, he refused. (*Id.* at 29.)

So, Lovense has sued. It claims defamation (Count I), business disparagement (Count II), libel per se (Count III), tortious interference with contracts (Count IV), tortious interference with business relationships (Count V), breach of confidence (Count VI), violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count VII), and breach of contract

(Count VIII). (Doc 92.) Olivaresii now moves to dismiss several of these claims. (Doc. 101.)

## II. Legal Standard

To survive a motion to dismiss, "a complaint must contain sufficient facts, accepted as true, to state a facially plausible claim for relief." *Galette v. Goodell*, No. 23-10896, 2023 WL 7391697, at *3 (11th Cir. Nov. 8, 2023). "A claim is facially plausible if it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When reviewing a motion to dismiss, courts must accept all factual allegations in the complaint as true and view the facts in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## III. Discussion

Before diving into the substantive claims, the Court must deal with a threshold objection. Olivaresii cries foul on procedure, arguing that when the

Court previously granted Lovense leave to amend its complaint, that permission slip did not include adding a new FDUTPA claim (Count VI) or substituting the basis for its breach of contract claim (Count VIII).

But the Court never specified the scope of its leave to amend. (Doc. 87.) The instructions to Lovense were broad rather than narrow. The order placed no limits on the permission to amend. To the contrary, it was an invitation for Lovense to lay out all its claims. *See, e.g., Travelers Prop. Cas. of Am. v. Allen-Bradley Co., LLC*, No. 1:04-CV-1181-CAP, 2005 WL 8154679, at \*2 (N.D. Ga. July 27, 2005). But even if the invitation to amend had boundaries, Federal Rule of Civil Procedure 15(a)(2) instructs courts to "freely give leave when justice so requires." The Court does so here. As a result, Lovense's FDUTPA and breach of contract claims are properly before the Court.

Having settled the boundaries of the complaint, the Court can now turn to the merits. Olivaresii moves to dismiss two substantive claims, which are addressed in turn.

**Count VI**

Lovense's breach of confidence claim alleges that during his employment, Olivaresii was entrusted with confidential information—including technical documents, trade secrets, product development strategies, customer lists, pricing, and financial data—which he then disclosed. (Doc. 92 at 35.) By doing so, Lovense contends, he violated the duty of confidentiality required by his

4

employment. Olivaresii, in turn, argues that this claim relies on the same operative facts as a trade secret misappropriation claim, meaning it is preempted by the Florida Uniform Trade Secrets Act ("FUTSA"). (Doc. 101 at 5.)

FUTSA "displaces conflicting tort, restitutory, and other Florida laws providing civil remedies for misappropriation of a trade secret." *Miner, Ltd. v. Sanacore*, No. 8:25-CV-1538-KKM-TGW, 2025 WL 2410641, at *2 (M.D. Fla. Aug. 20, 2025); Fla. Stat. § 688.008(1). But there is a statutory catch. Because FUTSA "does not displace other civil remedies that are not based upon misappropriation of a trade secret[,] the question becomes whether allegations of trade secret misappropriation alone comprise the underlying wrong." *Miner, Ltd.*, 2025 WL 2410641, at *2; Fla. Stat. § 688.008(2). "In other words, when a plaintiff brings a FUTSA claim, an additional tort claim survives only if there are "material distinctions between the allegations comprising the additional torts and the allegations supporting the FUTSA claim." *Paragon Ins. Holdings, LLC v. Phillips*, No. 2:25-CV-54-SPC-KCD, 2025 WL 1370178, at *2 (M.D. Fla. May 12, 2025).

Lovense defends its breach of confidence claim by arguing it rests on a duty Olivaresii owed by virtue of his employment contract. That contractual foundation takes the claim out of FUTSA's crosshairs, according to Lovense, because the statute explicitly preserves "[c]ontractual remedies, whether or

not based upon misappropriation of a trade secret." Fla. Stat. § 688.008(2). But even if we set the contract aside, the claim still holds up. Lovense alleges the disclosure of far more than just trade secrets. Its claim is based on additional duties Olivaresii allegedly possessed through his employment contract and employment position outside of any statutory obligations under copyright law or FUTSA. Because the underlying wrong stretches beyond trade secret misappropriation, FUTSA does not apply. Olivaresii's motion to dismiss Count VI is therefore denied. *See, e.g.*, *Audiology Distribution, LLC v. Simmons*, No. 8:12-CV-02427-JDW, 2014 WL 7672536, at \*10 (M.D. Fla. May 27, 2014).

**Count VII**

Like above, Olivaresii contends that Lovense's FDUTPA claim is preempted by FUTSA. For similar reasons, that argument fails. In assessing preemption in this context, "the Court must compare the allegations of the FDUTPA claim and the FUTSA claim to determine if the allegations are separate and distinct." *XTec, Inc. v. Hembree Consulting Servs., Inc.*, 183 F. Supp. 3d 1245, 1263 (S.D. Fla. 2016). The rule is straightforward enough: if the claims target separate and distinct wrongs, both survive. But if a plaintiff is just dressing up the exact same trade-secret theft in different legal clothes, preemption kicks in. *Id.*

The facts are materially distinct. Lovense's FDUTPA claim rests on a broader story: that Olivaresii took the company's confidential information and

6

weaponized it "in the marketplace in conjunction with misleading statements about his role" to squeeze an advantage out of Lovense's own customers and business partners. (Doc. 92 at 36.) A FUTSA claim, by contrast, targets a much narrower wrong. It is limited to "[d]isclosure or use of a trade secret of another without express or implied consent." Fla. Stat. § 688.002(2)(b). It does not encompass misleading Lovense's consumers and business partners and using confidential information—that may or may not include trade secrets—to do so. Because the FDUPTA claim remedies a different set of harms, preemption does not apply here.

Finally, Olivaresii contends that Lovense failed to adequately demonstrate any injury to consumers, asserting instead that the alleged harm is limited to Lovense itself. *See Stewart Agency, Inc. v. Arrigo Enters., Inc.*, 266 So. 3d 207, 212 (Fla. Dist. Ct. App. 2019) ("While an entity does not have to be a consumer to bring a FDUTPA claim, it still must prove the elements of the claim, including an injury to a consumer."). But the complaint states that Olivaresii "mislead consumers and market participants acting reasonably under the circumstances, to their detriment, including by falsely suggesting that Defendant possessed authority, ownership, or control with respect to Plaintiffs and their products, and by misrepresenting the quality, provenance, and rights associated with Plaintiffs' offerings." (Doc. 92 ¶ 126.) This is

7

sufficient. While Lovense will ultimately need to prove this injury, all that is required at this stage is to assert it.

Lovense has alleged a deceptive scheme that goes beyond mere trade secret theft and properly points to consumer harm. That is enough for now. As a result, the FDUPTA claim survives.

### IV. Conclusion

Because the complaint clears the plausibility hurdle on all challenged counts, this dispute will now move forward to discovery. Accordingly, Olivaresii's Motion to Dismiss (Doc. 101) is **DENIED**.

**ORDERED** in Fort Myers, Florida on March 18, 2026.

Kyle C. Dudek
United States District Judge